UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOBY MEAGHER, et al.,<br><br>Plaintiffs,<br>v.<br><br>KING COUNTY, et al.,<br><br>Defendants. | CASE NO. C19-0259JLR<br><br>ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL |

Before the court is Plaintiff Geraldine McNamara and Defendants King County, Rodney Prioleau, Brian O'Farrell, Theron McCain, Jr., Ronny Lee Kintner, J. Garcia, Gregg Curtis, and Michael Kilbourne's (collectively, "Defendants") stipulated motion for a 60-day continuance of the trial date and the remaining pretrial deadlines in this case. (Stip. Mot. (Dkt. # 29).)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the

judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jackson*, 186 F.R.D. at 608. Further, the court's scheduling order states that the dates are "firm," that "[t]he court will alter these dates only upon good cause shown," and that "failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Order (Dkt. # 11) at 2.)

Here, the parties seek a trial continuance on the ground that "additional time is needed to complete discovery and prepare for trial." (*See* Stip. Mot. at 3.) Other than the volume and complexity of discovery in this case—which could have been reasonably foreseen at the outset of this case—the parties do not provide additional justification for a continuance that meets the good cause standard. (*See generally* Stip. Mot.) Therefore, the court finds that the parties have not shown good cause and DENIES the motion (Dkt. # 29).

//

Nevertheless, if the parties would like to move their trial date to the end of the court's trial calendar, they may so stipulate and notify the court. If the parties so stipulate, the court will issue a new case schedule for all remaining pretrial deadlines based on a new trial date at the end of the court's trial calendar. The parties should be aware that the court is presently setting trials in approximately April 2021.

Dated this 25th day of February, 2020.

JAMES L. ROBART
United States District Judge