FILED

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOBY MEAGHER, through his Litigation Guardian JOSHUA BROTHERS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RODNEY PRIOLEAU, Officer; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> KING COUNTY; et al., <br><br> Defendants. | No.   20-35635 <br><br> D.C. No. 2:19-cv-00259-JLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted June 17, 2021
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Toby Meagher was brutally attacked by his cellmate Troy Leae at the King County Jail (KCJ) and sued KCJ and several jail employees, pursuant to 42 U.S.C. § 1983, arguing they should have protected Meagher from Leae—who had a long history of unprovoked attacks on staff and detainees.  The district court denied qualified immunity to three individual defendants: Joseph Garcia, Rodney Prioleau, and Gregg Curtis.  They filed this interlocutory appeal of only the district court's conclusion that Meagher's rights were clearly established when Leae attacked him.  We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm the district court's ruling.[2]

We review the denial of qualified immunity de novo.  *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006).  We accept Meagher's version of the facts as true, and draw all reasonable inferences in his favor.  *See Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014).  "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

---

[1] Meagher argues we lack jurisdiction over this appeal because the district court concluded there are triable issues of fact, and because the defendants fail to state the facts in the light most favorable to him.  We maintain jurisdiction to review the "purely legal" question of whether his rights were clearly established.  *Pauluk v. Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016).

[2] The parties are familiar with the facts, and we recite them only as necessary to resolve the issues on appeal.

2

would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To determine whether to grant qualified immunity, courts consider two elements, and the court may consider them in any order: "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted). A right is clearly established if its "contours" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation omitted). To constitute such notice, prior "precedent must be '"controlling"—from the Ninth Circuit or Supreme Court—or otherwise be embraced by a "consensus" of courts outside the relevant jurisdiction.'" *Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019) (quoting *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017)).

The Eighth Amendment protects prisoners from the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. The Supreme Court has held that the due process rights of a pretrial detainee, secured via the Fourteenth Amendment, "are at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244

(1983). In *Farmer v. Brennan*, the Supreme Court explained that "[h]aving incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, *and often violent, conduct*,'" "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners" because prison officials have "stripped them of virtually every means of self-protection and foreclosed their access to outside aid . . . ." 511 U.S. 825, 833 (1994) (emphasis added) (citations omitted). We applied these principles in *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc) (denying qualified immunity on similar facts), decided nearly two years before Leae's assault on Meagher.

    Here, defendants argue that no clearly established authority states that a detainee's right to be free from violence at the hands of other detainees requires jail personnel to evaluate unproven, anecdotal allegations of violence in his assailant's protected health information. The district court concluded this "narrow framing of the right" was "unavailing," given our decision in *Castro*. We agree. Clearly established authority need not have "identical or even 'materially similar' facts"; it need only have provided defendants fair warning that their conduct (as alleged by Meagher) was unlawful. *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). We conclude Meagher's rights were clearly established because, after *Farmer* and *Castro*, "[n]one of the defendants can claim ignorance to a prisoner's

right to be protected from violence at the hands of other inmates." *Wilk v. Neven*, 956 F.3d 1143, 1150 (9th Cir. 2020).

**AFFIRMED.**